**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Wade Wendelschafer,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Commissioner of the Social Security Administration,<br><br>　　　　Defendant. | CV-12-1951-PHX-MHB<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Reconsideration of the Court's Order dated February 28, 2014 (Doc. 30). Plaintiff seeks an order remanding this matter for further proceedings.

In April 2007, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging disability beginning May 30, 2007, due to neck and back impairments. (Tr. at 238-48.) An ALJ denied Plaintiff's claims on October 8, 2009. (Tr. at 83-95.) Plaintiff subsequently requested review of the ALJ's October 2009 decision and filed new applications for disability insurance benefits and supplemental security income. (Tr. at 167-68, 256-70.) In March 2010, the Appeals Council granted Plaintiff's request for review, remanded the case to the ALJ for further proceedings, and instructed the ALJ to consolidate Plaintiff's claims. (Tr. at 96-98.) On January 28, 2011, the ALJ issued a decision denying Plaintiff's claims. (Tr. at 7-26.)

Specifically, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 30, 2007 – the alleged onset date. (Tr. at 12.) She found that Plaintiff had

the following severe impairments: spasmodic torticollis, cervical herniated nucleus pulposus, cervical spine stenosis, nerve damage, cervical dystonia and lumbar radiculopathy. (Tr. at 12.) The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Commissioner's regulations. (Tr. at 12-13.) After consideration of the entire record, the ALJ found that Plaintiff retained "the residual functional capacity to perform light work ... except the claimant can never climb ladders, ropes or scaffolds and occasionally climb ramps and stairs; frequently balance, stoop, kneel, crouch and crawl; and should avoid concentrated exposure to hazards, including heavy machinery and heights." (Tr. at 13-18.) The ALJ determined that Plaintiff was able to perform past relevant work as a construction superintendent and truck driver. (Tr. at 18-19.) Therefore, the ALJ concluded that Plaintiff has not been under a disability from May 30, 2007, through the date of her decision. (Tr. at 19.)

The Appeals Council declined Plaintiff's subsequent request for review (Tr. at 1-6), making the ALJ's January 2011 decision the final decision of the Commissioner. Plaintiff then sought judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). On February 28, 2014, after having reviewed the administrative record and the arguments of the parties, the Court found that substantial evidence supported the ALJ's decision to deny Plaintiff's claim for disability insurance benefits and supplemental security income. The Court concluded that the ALJ properly discredited Plaintiff's credibility providing clear and convincing reasons supported by substantial evidence; the ALJ's error in disregarding Plaintiff's wife's statements was harmless; and the ALJ properly discounted the opinion of Dr. Reiser, providing specific and legitimate reasons, based on substantial evidence in the record. Consequently, the Court affirmed the ALJ's decision.

Plaintiff moves this Court to reconsider its Order dated February 28, 2014, based on Plaintiff's subsequent receipt of Social Security disability benefits. Specifically, after this matter was fully briefed, but prior to this Court's Order, Plaintiff received a fully favorable decision on a successive application for Social Security disability benefits. (Doc. 30, App.

- 2 -

1.) The decision is dated November 27, 2013, and specifies a disability onset date of January 29, 2011 – one day after the ALJ's denial of benefits in the instant matter. (Doc. 30, App. 1; Tr. at 7-26.)

Pursuant to 42 U.S.C. § 405(g), "remand is warranted only if there is new evidence that is material and good cause for the late submission of the evidence." Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001). New evidence is material if it "bear[s] directly and substantially on the matter in dispute," and if there is a "reasonabl[e] possibility that the new evidence would have changed the outcome of the ... determination." See id. (quoting Booz v. Sec'y of Health & Human Servs., 734 F.2d 1378, 1380 (9th Cir. 1984)).

Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding may constitute new and material evidence. See Luna v. Astrue, 623 F.3d 1032, 1034-35 (9th Cir. 2010); Reichard v. Barnhart, 285 F.Supp.2d 728, 734 (S.D.W.Va. 2003) (holding that an ALJ's decision finding disability commencing less than a week after claimant was found not disabled is new and material evidence). Such evidence is not necessarily determinative of disability as the application may involve different medical evidence, different time periods, and a different age classification. See Bruton, 268 F.3d at 827. When a disability, however, "is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications ... the disability onset date might reasonably be sometime prior to the ALJ's decision [with respect to] the prior applications in view of a subsequent finding of disability." Reichard, 285 F.Supp.2d at 736 n.9.

The Court does not have the administrative record and, thus, cannot determine if the evidence adduced in the second application consisted of substantially similar evidence or if there were substantial changes in Plaintiff's physical and/or mental condition subsequent to the denial of benefits. Nevertheless, it appears that while the instant denial of benefits was under review, Plaintiff filed a successive application for benefits which was granted – indicating an onset date one day after the initial denial. This finding warrants further

1 consideration as to whether Plaintiff was actually disabled during the period of time relevant
2 to Plaintiff's first application. Furthermore, the Court finds that there is at least a reasonable
3 possibility that evidence supporting disability with an onset date one day removed may be
4 persuasive in changing the outcome in this case. Thus, the Court finds that the subsequent
5 finding of disability constitutes new and material evidence.

6 Accordingly, in light of the possible inconsistency between the first decision and the
7 subsequent finding of disability related to the second application, this case will be remanded
8 for further consideration and proper resolution of factual issues. See, e.g., Luna, 623 F.3d
9 at 1035 ("The 'reasonable possibility' that the subsequent grant of benefits was based on new
10 evidence not considered by the ALJ as part of the first application indicates that further
11 consideration of the factual issues is appropriate to determine whether the outcome of the
12 first application should be different."); Bradley v. Barnhart, 463 F.Supp.2d 577, 580-81
13 (S.D.W.Va. 2006) (stating that the "Reichard [case] stands for the proposition that an award
14 based on an onset date coming in immediate proximity to an earlier denial of benefits is
15 worthy of further administrative scrutiny to determine whether the favorable event should
16 alter the initial, negative outcome on the claim").

17 For the reasons previously set forth,

18 **IT IS ORDERED** that Plaintiff's Motion for Reconsideration of the Court's Order
19 dated February 28, 2014 (Doc. 30) is **GRANTED**;

20 **IT IS FURTHER ORDERED** that in light of the new and material evidence
21 submitted with Plaintiff's Motion for Reconsideration, this Court's Order and Judgment
22 entered on February 28, 2014 are **VACATED**;

23 \\\
24 \\\
25 \\\
26 \\\
27 \\\
28 \\\

1  **IT IS FURTHER ORDERED** that the final decision of the Commissioner is
2  **VACATED**, and this matter is **REMANDED** to the Commissioner pursuant to 42 U.S.C.
3  § 405(g) for further administrative proceedings to consider whether Plaintiff was actually
4  disabled during the period of time relevant to his first application in light of the new and
5  material evidence. The Clerk of the Court shall enter judgment accordingly.
6  DATED this 15th day of April, 2014.

*/s/ Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge